# William Schwitzer & Associates, P.C.

ATTORNEYS AT LAW

(Formerly known as Dinkes & Schwitzer, P.C.)

820 Second Avenue · New York, N.Y. 10017
Tel. 212/685-7800 · Fax 212/685-2356

WILLIAM SCHWITZER

BETH M. DIAMOND
DENNIS A. BREITNER
JOHN C. MERLINO
MARC R. MAUSER

ANDREA M. ARRIGO
CHUN H. CHUNG
JONATHAN H. NOBLE
HOWARD R. COHEN
GEORGE D. BATCHVAROV
TIMOTHY R. MANDRONICO
DANIEL A. BERGER
DWAYNE T. WILLIAMS
MICHAEL S. WARYCHA
BARRY A. SEMEL-WEINSTEIN
CHRISSY GRIGOROPOULOS
JOHN M. INTIU
DIONISIOS GEORGATOS
FRANK L. LANZA
JENNIFER PELTON
CHRISTOPHER W. DRAKE
THOMAS M. OLIVA
JORDAN NAZARZADEH
MICHAEL P. RYAN

HERBERT G. LINDENBAUM
OF COUNSEL

379 SMITH ROAD
LAKE RONKONKOMA, N.Y. 11779



10 BEST
LAW FIRMS
American Institute of
Personal Injury Attorneys
CLIENT SATISFACTION

December 7, 2016

United States District Court
Easter District of New York
225 Cadman Plaza E
Brooklyn, NY 11201
Attn: Honorable Pamela K. Chen

**Re:  Lucita Urena and Jose Urena vs. Conagra Foods Inc., et al.**
**Case Number: 1:16-cv-05556-PKB-LB**
**Our File No.: SRU16-005**

Honorable Judge Chen:

Our office represents the plaintiffs in connection with the above-mentioned matter.  This letter is being submitted pursuant to Individual Rule 3(a) in connection with the motion of defendant, ConAgra Foods, Inc., to dismiss plaintiff's claims of manufacturing defect (Count I(B)), breach of express warranty, (Count II(A)), breach of implied warranty based on an alleged manufacturing defect (Count II(B)), in part, and negligence based on an alleged manufacturing defect (Count III, in part) from the Complaint and pursuant to the Court's Order on December 6, 2016 in connection with same.

This is a product liability action wherein the plaintiff, LUCITA URENA, was injured when a can of cooking spray suddenly and without warning exploded on August 16, 2016 while at her residence located at 150 Jefferson Street, 1st Floor, Brooklyn, New York.  As a result of the defective product, the plaintiff sustained serious personal injuries including burns over an extensive portion of her body.  The subject defective product was purchased from the defendant BJ'S WHOLESALE CLUB, INC. and designed and manufactured by the defendant CONAGRA FOODS, INC.   An Answer to plaintiff's Summons and Complaint was interposed on behalf of defendant, BJ'S WHOLESALE CLUB, INC. on or about November 4, 2016.  The defendant CONAGRA FOODS, INC. has not interposed an answer and rather has sought to dismiss portions of plaintiff's Complaint.

1

In the first instance, it must be pointed out that the within motion is premature. Absolutely no discovery has taken place in connection with the manufacturing and design of the subject product and, because there is likelihood that pre-trial discovery will lead to additional evidence which may be necessary to oppose the motion on the merits, plaintiff respectfully requests the motion be denied. Additionally, in this regard, it is plaintiff's intention of hiring an expert to review any documents exchanged by the defendants in connection with their design and manufacturing of the specific product. In this regard, plaintiff would, in all likelihood, utilize the expert's opinion, in opposing the defendant's motion on the merits.

Moreover, defendant's motion should be denied as plaintiff's complaint is not comprised entirely of conclusory statements as indicated by defense counsel. In the is regard, a motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of the Plaintiff's pleadings, but does not raise evidentiary issues. The issue is not whether a plaintiff will ultimately prevail, but rather if the claimant is entitled to offer evidence to support the claims. *Schever v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d. 90 (1974) . To survive a motion to dismiss it is only necessary the complaint state a claim to relief that is plausible on its face. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d. 929 (2007). The Court has noted, "a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face."" *Riverhead Park Corp. v. Cardinale*, 881 F.Supp.2d 376, 379 (E.D.N.Y. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.E.2d 929 (2007)). When considering a motion to dismiss the "Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the Plaintiff's favor." *Riverhead Park Corp. v. Cardinale*, 881 F.Supp.2d 376, 379 (E.D.N.Y. 2012) (citing *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990)). "Only if this Court is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief" will it grant a dismissal pursuant to Fed.R.Civ.P. 12(b)(6)." *Riverhead Park Corp. v. Cardinale*, 881 F.Supp.2d 376, 380 (E.D.N.Y. 2012) (quoting *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993). As the plaintiff's Complaint clearly sets forth factual allegations that would entitle the plaintiff to relief, dismissal pursuant to Rule 12(b)(6) is inappropriate.

In evaluating the complaint, the Court must accept the complaint's factual allegations as true and must construe all facts in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 868 (2008); *Allaire Corporation v. Orumus*, 433 F.3d 248, 249 (2d Cir 2006). A complaint need not set forth detailed factual allegations. A complaint that presents enough factual allegations to state a claim to relief that is plausible is sufficient and will not be dismissed pursuant to Rule 12(b)(6). See *Starr v. Sony BMG Music Entertainment*, 592 F3d 314 (2d Cir 2010).

In the matter at bar, plaintiff, through her complaint, has set forth claims that are both plausible and contain sufficient detail to meet the federal pleading standards. Therefore, it is respectfully requested that defendants' motion to dismiss should not be entertained by this Court.

Alternatively, should this Court deem that plaintiff's complaint is insufficient, leave to file an amended complaint should be granted and plaintiff would request the Court permit her to do so. Leave to file an amended complaint "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Leave "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.

2001) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed. 2d 222 (1962)). Reasons justifying the denial of leave include undue delay resulting in prejudice to the opposing party, bad facts, repeated failures to cure deficiencies in the pleading prior to amendments, undue prejudice or futility. *Forman v. Davis*, 371 US 178, 182, 23 S.Ct. 227. None of those disqualifying reasons are present in the matter at hand. In fact, plaintiff's Summons and Complaint was just recently served and there has been absolutely no discovery to allow for the plaintiff to ascertain information concerning the specific product at issue including but not limited to the design plans for said product, the manufacturing information regarding the product in general, and the specific product at issue, prior complaints regarding the product, prior similar actions/injuries in connection with use of the product, flaws in connection with the product, known defects to the subject product, the types of material used in the design and the types of testing performed on the product to ensure consumer safety.

In light of the foregoing, plaintiff respectfully requests that this Court allow discovery to continue in this matter and order the defendant to interpose an Answer. Additionally, it is respectfully requested this Court schedule the within matter for a pre-motion conference should this Court deem same necessary. Additionally, should the Court determine that the defendant's motion is proper, plaintiff respectfully requests the opportunity to fully and completely oppose the motion.

Thank you for your attention in this matter.

Very truly yours,

HOWARD R. COHEN, ESQ. (7640)

CC:   Todd R. Michaelis
      Carmody, Torrance, Sandak & Hennessey, LLP
      Attorneys for Defendant
      CONAGRA FOODS, INC.
      50 Leavenworth Street
      Waterbury, CT 06721-1110

      Jaime K. McAleavey
      Morrison Mahoney, LLP
      Attorneys for Defendant
      BJ'S WHOLESALE CLUB, INC.
      120 Broadway, Suite 1010
      New York, New York 10271

3